UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

JOSHUA WHITELEY                                                                PETITIONER
#47465-177

V.                              No. 2:22-CV-00246-BSM-ERE

JOHN P. YATES, Warden, FCI – Forrest City, Arkansas[1]         RESPONDENT

### RECOMMENDED DISPOSITION

This Recommendation has been sent to United States District Judge Brian S. Miller. You may file written objections to all or part of this Recommendation. Any objections filed must: (1) specifically explain the factual and/or legal basis for the objection; and (2) be received by the Clerk of this Court within fourteen days of the date of this Recommendation. If you do not object, you risk waiving the right to appeal questions of fact and Judge Miller can adopt this Recommendation without independently reviewing the record.

**I.     Introduction**

On December 19, 2022, Joshua Whiteley, an inmate at the Federal Correctional Institution in Forrest City, Arkansas ("FCI-FC"), filed a 28 U.S.C. §

---

[1] Because Mr. Whiteley is incarcerated at FCI – Forrest City, Arkansas, the proper Respondent is "C. Edge, Acting Warden FCI – Forrest City, Arkansas." *See* 28 U.S.C. § 2242 (habeas petition must name "the person who has custody over [the petitioner] and by virtue of what claim or authority").

Accordingly, the Clerk of the Court is directed to change Respondent to "C. Edge, Acting Warden FCI – Forrest City, Arkansas."

1

2241 petition for a writ of habeas corpus (*Doc. 1*), alleging that the Bureau of Prisons ("BOP") erroneously determined that his conviction disqualifies him from earning credits toward his sentence under the First Step Act of 2018 ("FSA"), 18 U.S.C. § 3632(d)(4). *Doc. 1 at 1*.

For the reasons below the undersigned recommends that the petition be dismissed, without prejudice, based on Mr. Whiteley's failure to exhaust his administrative remedies.

## II. Background

On April 14, 2014, Mr. Whiteley pleaded guilty to conspiracy to possess and possession with intent to distribute methamphetamine in the United States District Court for the Northern District of Texas. *United States v. Whiteley*, No. 1:13-cr-084 *Docs. 366, 369, 458* (N.D. Tex. April 14 and 29, 2019). On September 3, 2014, he was sentenced to 262 months in prison, followed by five years of supervised release. *Id. at Docs. 634*.

Mr. Whiteley's § 2241 habeas petition alleges that the BOP is erroneously refusing to give him time credits under the FSA.

Respondent explains that: (1) although Mr. Whiteley initiated the grievance process, he did not fully exhaust; and (2) Mr. Whiteley's arguments are without merit. *Doc. 6*.

Mr. Whiteley filed a reply on May 1, 2023, admitting that he did not exhaust his administrative remedies before initiating this case, but he continues to argue that he is qualified to receive credits under the FSA. *Doc. 14.*

### III. Discussion

#### A. Earned Time Credits Under the FSA

A federal prisoner's pre-release placement occurs at the latter stages of a sentence when he or she, if eligible, prepares for reintegration to society through custody in home confinement or a residential reentry center, also known as a community correctional facility. The FSA created an earned time credit program to assist prisoners in the reintegration process. Eligible prisoners can earn ten days of time credits for every thirty days of successful participation in evidence-based recidivism reduction ("EBRR") programming or productive activities ("PAs"). 18 U.S.C. § 3632(d)(4)(A)(i). Additionally, "[a] prisoner determined by the [BOP] to be at a minimum or low risk for recidivating, who, over 2 consecutive assessments, has not increased their risk of recidivism, shall earn an additional 5 days of time credits for every 30 days of successful participation in [EBRR] programming or [PAs]." 18 U.S.C. § 3632(d)(4)(A)(ii).

#### B. Exhaustion of Administrative Remedies

A federal inmate must normally exhaust his administrative remedies before seeking habeas relief under § 2241. *Willis v. Ciccone*, 506 F.2d 1011, 1015 (8th Cir.

3

1974). This judicially created exhaustion requirement is not mandated by statute or a jurisdictional prerequisite, see *Lueth v. Beach*, 498 F.3d 795, 797 n.3 (8th Cir. 2007), but its fulfillment promotes several purposes:

> (1) the development of the necessary factual background upon which the claim is based; (2) the exercise of administrative expertise and discretionary authority often necessary for the resolution of the dispute; (3) the autonomy of the prison administration; and (4) judicial efficiency from the settlement of disputes at the prison level.

*Gonzalez v. Yates*, No. 222CV00243LPRPSH, 2023 WL 2916677, at *3 (E.D. Ark. Apr. 12, 2023) (citing *Mason v. Ciccone*, 531 F.2d 867, 870 (8th Cir. 1976)).

The BOP has a four-step administrative process for resolving inmate grievances: (1) an attempt at informal resolution with prison staff; (2) submission of a formal grievance to the Warden, on form BP-9, delivered to the institution staff member designated to it; (3) an appeal of an unfavorable Warden's decision to the appropriate Regional Director, on form BP-10; and (4) an appeal of an unfavorable Regional Director's decision to the General Counsel, on form BP-11. *See* 28 C.F.R. §§ 542.13–542.18. Proper exhaustion of administrative remedies "'means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits).'" *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002) (emphasis in original).

Mr. Whiteley admits he did not fully exhaust his administrative remedies, acknowledging that the Office of General Counsel rejected his appeal because it was

4

unsigned. However, he claims that he remedied this on February 11, 2023, after submitting a signed appeal. *Doc. 14 at 1*. Mr. Whiteley's attempted remedy does not cure his failure to fully exhaust all four steps of the BOP's administrative process *before* filing a habeas petition. See *Kendrick v. Carlson*, 995 F.2d 1440, 1447 (8th Cir. 1993); *United States v. Wilson*, 503 U.S. 329, 335 (1992) (Prisoners may "seek judicial review of these computations after exhausting their administrative remedies . . . .").

### C. Mr. Whiteley's Claim Appears to Have No Merit

Even if Mr. Whiteley had properly exhausted his administrative remedies, his claim appears to have no merit.[2]

Mr. Whiteley argues, contrary to the BOP's finding, that 18 U.S.C. § 3632(d)(4)(D), which discusses prisoners who are not eligible to earn FSA time credits, does not list his conviction. To the contrary, the statute explicitly sets out that a prisoner determined to be an organizer or leader in a methamphetamine offense under 21 U.S.C. § 841(b)(1)(A)(viii)[3] or (B)(viii)[4] is "ineligible" to earn time credits under the FSA. 18 U.S.C.A. § 3632(d)(4)(D)(lxvii).

---

[2] Due to his failure to exhaust, the Court does not actually reach the merits of Mr. Whiteley's claim.

[3] This section involves 50 grams or more of methamphetamine (actual) or 500 grams or more of methamphetamine (mixture).

[4] This section involves 5 grams or more of methamphetamine (actual) or 50 grams or more of methamphetamine (mixture).

Mr. Whiteley pleaded guilty to conspiracy to distribute and possession with intent to distribute 50 grams or more of methamphetamine under 18 U.S.C § 841(b)(1)(A)(viii). *Doc. 6-6.* The sentencing court determined that Mr. Whiteley was an organizer or leader in the conspiracy and gave him a four-point enhancement under the Guidelines. *Id.* Accordingly, under the statute's plain language, Mr. Whiteley appears to be "ineligible" to earn FSA time credits.

## IV.     Conclusion

IT IS THEREFORE RECOMMENDED that Petitioner Joshua Whiteley's petition for writ of habeas corpus (*Doc. 1*) be dismissed, without prejudice.

Dated 18 May 2023.

_____
UNITED STATES MAGISTRATE JUDGE